```
 1  SANDRA E. STONE (SBN 161267)
    sstone@plawp.com
 2  PACIFIC LAW PARTNERS, LLP
    2000 Powell St., Suite 950
 3  Emeryville, CA 94608
    Tel: (510) 841-7777
 4  Fax: (510) 841-7776

 5  Attorneys for Defendant
    STATE FARM GENERAL INSURANCE COMPANY,
 6  erroneously sued herein as
    State Farm Fire & Casualty Company
 7
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACTO BY NIGHT, INC. d/b/a SACTO BY NIGHT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>　　　　Defendant. | Case No.:<br><br>[Sacramento County Superior Court Case No. 25CV026142]<br><br>**DEFENDANT STATE FARM'S NOTICE OF REMOVAL**<br><br>Complaint filed: November 3, 2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant State Farm General Insurance Company, erroneously sued herein as State Farm Fire and Casualty Company, by and through its undersigned counsel, and pursuant to 28 USC §§ 1332, 1441, and 1446, hereby gives notice of removal of this action to the United States District Court for the Eastern District of California. As grounds for this removal, State Farm states as follows:

/ / /

1. On November 3, 2025, plaintiff Sacto By Night, Inc. ("Plaintiff") commenced a breach of contract action against defendant State Farm Fire and Casualty Company in the Superior Court of the State of California, County of Sacramento, entitled *Sacto By Night, Inc. d/b/a Sacto By Night v. State Farm Fire and Casualty Company*, as Sacramento County Case Number 25CV026142.  A copy of Plaintiff's Complaint is attached hereto as **Exhibit A.**

2. On November 11, 2025, Plaintiff filed an Amended Complaint in the matter.  A copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit B**.

3. The action against State Farm Fire and Casualty Company is one for breach of the terms of an insurance policy issued to Plaintiff by State Farm General Insurance Company.  (See Exhibit C to Amended Complaint).  Therefore, the proper defendant to this action is State Farm General Insurance Company.

4. The first date upon which either State Farm Fire and Casualty Company or State Farm General Insurance Company received a copy of any complaint in this matter was on December 4, 2025, when State Farm was served with a copy of the Summons and Amended Complaint, the Alternative Dispute Resolution Package, Stipulation and Order to Mediate and Program Case Notice.  Neither State Farm Fire and Casualty Company, nor State Farm General Insurance Company, has filed an answer to the Amended Complaint. A copy of the Summons is attached hereto as **Exhibit C**.  A copy of the Notice of Service of Process is attached as **Exhibit D**.  A copy of the Alternative Dispute Resolution Package, Stipulation and Order to Mediate and Program Case Notice are attached as **Exhibit E, Exhibit F** and **Exhibit G**.

1    5.    Thus far, State Farm has not been served with any pleading, process, and/or order other than Exhibits A through G, which are attached hereto in compliance with 28 USC § 1446(a).

4    6.    **Jurisdiction**.  This action is a civil action of which this Court has original jurisdiction under 28 USC § 1332, and is one which may be removed to this Court pursuant to 28 USC § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

    a.    **Diversity Jurisdiction Exists.**  The Court has original diversity jurisdiction over the case pursuant to 27 USC § 1332(a) because Plaintiff and State Farm are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

    b.    **Citizenship of Plaintiff.**  Plaintiff was at the time of the filing of this action, and still is, a resident and citizen of the State of California.  (Amended Complaint, ¶1, p. 1:21-23 & Exhibit B thereto.)  For diversity purposes, a corporation is a "citizen" both of the state in which it was incorporated and of the state where it has its principal place of business (see 28 USC § 1332(c)).

    c.    **Citizenship of Defendant.**  Defendant State Farm Fire and Casualty Company is the only named defendant in this action.  State Farm Fire and Casualty Company was at the time of the filing of this action, and still is, a citizen of the State of Illinois.  State Farm Fire and Casualty Company is incorporated under the laws of Illinois, having its principal place of business in the State of Illinois.  State Farm Fire and Casualty Company is therefore a citizen of Illinois for

1  the purposes of diversity jurisdiction. See 28 USC §
2  1332(c)(1); *Hertz Corp. v Friend*, 559 U.S. 77, 92-93 (2010).
3  The proper defendant to this action, State Farm General
4  Insurance Company, was also at the time of the filing of
5  this action, and still is, a citizen of the State of Illinois.
6  State Farm General Insurance Company is incorporated
7  under the laws of Illinois, having its principal place of
8  business in the State of Illinois. State Farm General
9  Insurance Company is therefore a citizen of Illinois for the
10  purposes of diversity jurisdiction. See 28 USC § 1332(c)(1);
11  *Hertz Corp. v Friend*, 559 U.S. 77, 92-93 (2010).

12      d. **The Amount in Controversy Requirement is Satisfied**
13         **Under 28 USC § 1332.**
14  When determining whether the amount in controversy has
15  been satisfied, the district court will assume that the
16  allegations in the complaint are true and that a jury will
17  return a verdict in favor of the plaintiff on all claims stated
18  in the complaint. *Kenneth Rothschild Trust v. Morgan*
19  *Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal.
20  2002). Once the removing party presents such proof, the
21  burden shifts to the plaintiff to show that as a matter of
22  law it is certain that it will not recover an amount in excess
23  of $75,000. *Id*.
24
25  Where the plaintiff seeks a declaration regarding liability
26  under a contract, the potential liability is the "amount in
27  controversy." *Hunt v. Washington State Apple Advertising*
28  *Comm'n*, 432 U.S. 333, 347 (1977*); In re Corestates Trust*

4

*Fee Litig.*, 39 F.3d 61, 65-66 (3rd Cir. 1994). Specifically related to contracts of insurance, the potential indemnity obligation determines the amount in controversy, not the face amount of the policy. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 539 (7th Cir. 2006); *American Family Mutual Ins. Co. v. Vein Ctrs. for Excellence, Inc.*, 912 F.3d 1076, 1081(8th Cir. 2019).

Plaintiff's Complaint alleges that State Farm breached its insurance contract with Plaintiff by failing to pay Plaintiff's loss of income claim following death of the business owner. (Amended Complaint, ¶¶5-7, 10-12.)

Plaintiff now proceeds against State Farm, seeking recovery of its alleged loss of income and other damages caused by State Farm's purported breach of contract. (Amended Complaint, ¶¶13-14.) These damages include an alleged loss of income in excess of $650,000. (Amended Complaint, ¶¶6, 14; Exh. B to Amended Complaint.)

For these reasons, the total amount of damages sought by Plaintiff here clearly exceeds the $75,000 threshold by which this Court has diversity jurisdiction.

7. The United States District Court for the Eastern District of California is the district embracing the location of the state court (Sacramento County) where this suit is currently pending.

8. This Notice of Removal is timely under 28 USC § 1446(b) because it is filed within thirty (30) days of the date on which State Farm was first served with the state court any complaint in this action (December 4, 2025). 28 USC § 1446(b); Fed. R. Civ. P. 6(a)(1).

9. The one-year limit contained in 28 USC § 1446(b) does not apply because the case as described in the Amended Complaint is removable. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir.1998).

10. A notice to Plaintiff of removal of the state court Amended Complaint has been or is being filed with the clerk of the Sacramento County Superior Court, and this Notice of Removal has been or is being served on Plaintiff, in accordance with 28 USC § 1446(d).

DATED:  January 5, 2025                PACIFIC LAW PARTNERS, LLP

                                       By:   /s Sandra E. Stone
                                             SANDRA E. STONE
                                             Attorneys for Defendant
                                             STATE FARM GENERAL
                                             INSURANCE COMPANY,
                                             erroneously sued herein as State
                                             Farm Fire and Casualty Company